HUGHES, J., would grant.
GENOVESE, J., would grant and assigns reasons.
Genovese, J., would grant for the following reasons:
The facts in this case fit squarely within the parameters and prohibition set forth in Rodriguez v. United States , --- U.S. ----, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015), i.e., absent reasonable suspicion, police may not extend an otherwise-completed traffic stop in order to conduct a dog sniff. This case presents just such a scenario.
Officers stopped a vehicle ostensibly for a traffic violation. Over the course of 15 minutes, officers vetted both the driver and passenger and found no outstanding warrants or other cause to detain the occupants. Officers denied smelling marijuana or other drug odors. Nevertheless, one officer asked to search the vehicle. The driver refused. The officer thereafter requested a K-9 officer to conduct a drug sniff. The K-9 unit arrived approximately 22 minutes later.
In my view, officers articulated no reasonable suspicion to justify extending the already-completed stop to conduct the drug sniff. For this reason, I disagree with *444 the slim majority and would grant defendant's motion to suppress.